IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr27

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| EDDIE JOE WALKER ) | |

**THIS MATTER** is before the Court upon the amended motion of the defendant for release pending resolution of his appeal. (Doc. No. 90).

The defendant argues that he has satisfied the conditions of 18 U.S.C. § 3143(b) because he does not present a risk of flight or danger to the community; his appeal is not for the purpose of delay; his appeal raises a substantial question of law; and, if a favorable decision were rendered, it would likely result in a reversal or an order for a new trial. (Doc. No. 90: Motion at 3). The Court has previously held that the defendant does not present a risk of flight or danger to the community. (Doc. No. 83: Sentencing Hearing TR at 153). Although there have been significant delays in this case based on motions of the defendant (Doc. Nos. 21, 24, 30, 35: Motions to Continue), it does not appear that the defendant's appeal is for the purpose of delay.

The Fourth Circuit has defined a substantial question of law as one that is "close" or "very well could be decided the other way." United States v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991). The defendant inaccurately states that the Court has previously determined his claim of manufactured jurisdiction is close or could be decided the other way. (Doc. No. 90: Motion at 4). In its Order denying the defendant's Motion for Acquittal, the Court found that this case was

readily distinguishable from the leading cases finding that officers improperly manufactured federal jurisdiction. (Doc. No. 63: Order at 6). The Court noted the facts of this case made it one of first impression in the Fourth Circuit, that is, where law enforcement agents deliberately crossed state lines to establish federal jurisdiction but also had credible non-jurisdictional reasons for doing so. (Id.). However, decisions from the Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits adverse to the defendant's claim show that he has not raised a substantial question of law. (Id. at 7-9).

The defendant has also not shown that a favorable decision would likely result in a reversal, new trial, or a sentence shorter than the expected duration of the appeal process. The defendant's manufactured jurisdiction claim relates to electronic equipment received in a sting operation and charged in Count Two of the Indictment. However, the defendant was convicted of conspiracy involving various types of stolen property charged in Count One unrelated to the sting operation. See United States v. Brantley, 777 F.2d 159, 164 (4th Cir. 1985) (even where agents improperly created federal jurisdiction for gambling offense, defendants were properly convicted of conspiracy). Thus a favorable decision on Count Two might only decrease the total loss amount and would not likely reduce the defendant's sentence to a length shorter than the duration of his appeal.[1] Accordingly, the defendant has failed to meet the requirements for release under § 3143(b).

---

[1] The loss amount attributable to the sting operation as $103,000. (Doc. No. 83: Sentencing Hearing TR at 21-22, 30; Gov't Ex. A). The Court found the loss amount to be between $400,000 and $1,000,000, resulting in an offense level of 24. (Doc. No. 88: Statement of Reasons at 1). Even if the sting loss amount were subtracted from the low-end of the loss range, the corresponding two-level reduction pursuant to USSG §2B1.1(b)(1)(G) would yield an advisory guideline range of 41-51 months' imprisonment.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for release (Doc. No. 90) is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 6, 2008

Robert J. Conrad, Jr.
Chief United States District Judge